BURKE, Judge,
dissenting.
I agree with the majority’s opinion that because the SCAN report was to be sent to the district attorney and law enforce- *996 merit, portions of the report were probably inadmissible and should have been redacted. Naquin, however, did not request any redactions. Even if the admission of the SCAN report was error, I believe that in this case the error was harmless. There were two eyewitnesses to the offense who testified at trial. C.H. testified that she observed Naquin lying on top of the victim while neither was clothed and the victim “was passed out” (R. 77, 79), but Naquin was moving. She testified that Naquin’s penis was exposed when he stood up and began to redress. W.D.C. testified that both Naquin and the victim were undressed and that Naquin was “humping her” and that he observed that Naquin penetrated the victim. (R. 152.) Both testified that, although Naquin had provided the minors with pills and alcohol, he had drunk one or two beers at most. Their testimony was further enhanced by the testimony of Dr. Kirk concerning the victim’s injuries.
I believe that even if the SCAN report was improperly admitted into evidence the error was harmless beyond a reasonable doubt. Thompson v. State, 153 So.3d 84 (Ala.Crim.App.2012). Here, there was ample evidence to support Naquin’s rape convictions aside from the SCAN report. See Withee v. State, 728 So.2d 684, 688 (Ala.Crim.App.1998) (“The evidence presented by the State, exclusive of the autopsy report, was sufficient on which to base a finding that the appellant was guilty of manslaughter beyond a reasonable doubt.”). I believe that the trial court’s decision should be affirmed; therefore, I respectfully dissent from the majority’s opinion.
JOINER, J., concurs.